DENNIS, Circuit Judge,
specially concurring.
I concur in the denial of Berkley’s motions for authorization to file a successive habeas petition and for a stay of execution. The only issue presented to this panel is whether Berkley satisfies the exacting standard for authorization of a successive habeas petition under 28 U.S.C. § 2244 and thus is entitled to a stay to pursue this claim. The order accurately captures why, in light of Berkley’s arguments, he has not met this standard.
Nonetheless, I write separately to call attention to an issue of grave concern raised by the proceedings in Berkley’s case. In the weeks prior to the instant filing, this court was informed by Berkley’s counsel that they would not be pursuing clemency or other non-habeas remedies or stays of execution that might be available to Berkley, as they were “appointed solely for the purpose of the federal habeas case.” This statement appears to rely upon the wording of the district court’s order appointing counsel. That order assigned counsel to represent Berkley in his “federal habeas corpus proceeding.” Order of Mar. 31, 2006.
However, the statute under which Berk-ley’s counsel were appointed, 18 U.S.C. § 3599, has recently been construed by the Supreme Court in Harbison v. Bell, — U.S.-, 129 S.Ct. 1481, 173 L.Ed.2d 347 (2009), to contain a broader obligation of representation.[1] The Court indicated that the plain language of 18 U.S.C. § 3599(e) — requiring that each attorney appointed under the statute “shall represent the defendant throughout every sub *416 sequent stage of available judicial proceedings, including ... all available post-conviction process, together with applications for stays of execution and other appropriate motions and procedures, and shall also represent the defendant in such competency proceedings and proceedings for executive or other clemency as may be available to the defendant” — controls any interpretation of counsels’ duties under the statute. See Harbison, 129 S.Ct. at 1486. Thus, the Court held that federally appointed counsel are “authorize[dJ ... to represent their clients in [available] state clemency proceedings” and are “entitlefd] ... to compensation for that representation.” Id. at 1491.
Yet, following Harbison, we have not had occasion to make clear whether counsel can be provided a narrower appointment, as may have been done in the instant case, than the broader representation described in Harbison. This leaves an untenable gap in our jurisprudence and in the high level of procedural protections we should afford death penalty — eligible defendants. Without knowing our understanding of Harbison, counsel like those in this case could reasonably interpret their mandate as ending once their client’s federal habeas proceedings have concluded, even though this appears to be contrary to the Supreme Court’s articulation of 18 U.S.C. § 3599’s demands. At the same time, defendants are left without a clear conception of their rights or remedies in light of Harbison.
Therefore, I write separately to call attention to the evident duty of federally appointed counsel to represent death row inmates in state clemency proceedings in order to ensure “that no prisoner [will] be put to death without meaningful access to the ‘fail-safe’ of our justice system.” Harbison, 129 S.Ct. at 1491 (quoting Herrera v. Collins, 506 U.S. 390, 415, 113 S.Ct. 853, 122 L.Ed.2d 203 (1993)). If my reading of Harbison is correct, federally appointed counsel must timely seek clemency for a death row inmate who requests such a petition. See 37 Tex. Admin. Code § 143.43 (stating clemency petitions must be filed 21 days prior to an execution).

. I note that in originally appointing counsel, the district court purported to do so pursuant to 21 U.S.C. § 848(q). Order of Mar. 31, 2006. However, this statute no longer existed at the time. It had been replaced by 18 U.S.C. § 3599, which has not since been substantively amended. USA Patriot Improvement and Reauthorization Act of 2005, Pub.L. No. 109-177, tit. II, §§ 221-222, 120 Stat. 231 (Mar. 9, 2006); Judicial Administration and Technical Amendments Act of 2008, Pub.L. No. 110-406, § 12(c), 122 Stat. 4294 (Oct. 13, 2008) (amending 18 U.S.C. § 3599(g) to allow the chief judge of any circuit to delegate his or her authority to approve expenses associated with representation under the statute to a ''senior” judge, in addition to an active judge, who was already allowed to be a designee of the chief judge under the statute). See also Harbison, 129 S.Ct. at 1487 n. 3 (noting this legislative history). Therefore, the district court must have intended to appoint counsel pursuant to 18 U.S.C. § 3599 and Harbison’s analysis of the statute is directly on point.